914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mehdi PARVARANDEH (89-5878) and Frank S. Darwin (89-5879),
Plaintiffs-Appellants,
v.
G.L. GOINS, J.L. Jones, the State of Tennessee through the
Board of Regents of the State of Tennessee, Thomas
J. Garland, David Sweet, John C. "Jack"
Mauer, and Robert Mobley,
Defendants-Appellees.
 Nos. 89-5878, 89-5879.
 United States Court of Appeals, Sixth Circuit.
 Sept. 7, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CHARLES JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Mehdi Parvarandeh and Frank S. Darwin have appealed judgments, pursuant to a consolidated trial to the court, entered by the United States District Court for the Eastern District of Tennessee in favor of defendants-appellees J.L. Goins, et al., in two actions alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. and 42 U.S.C. Sec. 1981.[1]
 
 
 2
 Parvarandeh, of Iranian national origin, had been an instructor at State Technical Institute at Knoxville (STIK).[2] Parvarandeh charged that he had been denied salary increments in 1985, and tenure and promotion thereafter because of discrimination resulting from his race and/or national origin. Darwin, a white American male, alleged he had been denied tenure and promotion in 1987, as retaliation arising from his active support of Parvarandeh. Darwin also asserted discriminatory acts included failure to name him as department head in 1985 and failure to allot him sufficient money for laboratory equipment in 1986.
 
 
 3
 Following a consolidated bench trial, the court entered judgment in favor of all appellees on all claims of both appellants. Notice of appeal was timely filed.
 
 
 4
 In reviewing a judgment entered in a discrimination case pursuant to a bench trial, this court reviews the trial court's findings of fact for clear error, deferring to the trial court's opportunity to judge the credibility of the witnesses. Fed.R.Civ.P. 52(a); Anderson v. Bessemer City, 470 U.S. 564, 573-75, 105 S.Ct. 1504, 1511-12, 84 L.Ed.2d 518 (1985). The findings of fact by the district court in this case are not clearly erroneous. Upon a review of the record in its entirety, the briefs of the parties, and the arguments of counsel, this court concludes that the assignments of error are not well taken.
 
 
 5
 Accordingly, the judgment entered by the district court in favor of the defendants-appellees is AFFIRMED for the reasons stated in Judge Jarvis's opinion of June 22, 1989.
 
 
 
 *
 The Honorable Charles Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Both Parvarandeh's and Darwin's complaints originally included several causes of action pursuant to 42 U.S.C. Secs. 1981, 1983, and 1985, Title VII, and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. Only the decisions of the trial court addressing the Title VII and section 1981 causes of action have been appealed
 
 
 [2]
 Now known as Pellissippi State Technical Community College